United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO GUERRERO VELASQUEZ, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:26-CV-01410 | |
| § | | |
| PAMELA JO BONDI, *et al.*, § | | |
| § | | |
| Respondents. § | | |

## ORDER OF DISMISSAL

The petitioner, Francisco Guerrero Velasquez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. On July 8, 2026, the Court granted partial relief of a bond hearing, based on the Fifth Circuit's recent opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). *See* Doc. No. 15. On July 10, 2026, the Fifth Circuit granted *en banc* review and vacated the July 2 order. *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 10, 2026).

Respondents move for reconsideration of the Court's order granting partial relief, contending that petitioner is no longer detained under 8 U.S.C. § 1225, but instead is detained under 8 U.S.C. § 1231 based on his final removal order. *See* Doc. Nos. 16, 16-1. In addition, Respondents represent that Petitioner was scheduled to be removed on July 16, 2026. Doc. No. 16 at 2. Petitioner has not responded to the motion, and his time to do so has passed.

1 / 2

Petitioner does not dispute that his removal order is final and that he is now subject to detention under §1231. He also does not controvert the Respondents' representation that he was scheduled to be removed on July 16, 2026. Because the basis for his underlying petition no longer exists, his claim regarding detention under §1225 and the issue of a bond hearing are moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'") (citation omitted)).

To the extent that the petitioner may argue that his post-removal-order detention is prolonged or unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), his claim is not ripe. In addition, there is no indication that his removal is not likely to occur in the reasonably foreseeable future, where the uncontroverted representation of the Respondents is that they intend to remove him soon if they have not already done so.

Accordingly, the Court **ORDERS** as follows:

1. Respondents' motion for reconsideration (Doc. No. 16) is **GRANTED.**

2. The petition for a writ of habeas corpus is **DISMISSED.**

3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this ___3ʳᵈ___ day of ~~July~~ August 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2